UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IP CO., LLC, and SIPCO, LLC,<br><br>           Plaintiff(s),<br><br>     v.<br><br>CELLNET TECHNOLOGY, INC., et al.,<br><br>           Defendant(s). | No. C08-80126 MISC MMC (BZ)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL** |

   The Honorable Maxine M. Chesney has referred me plaintiffs' motion to compel non-party ZigBee Alliance ("ZigBee") to produce documents responsive to its third-party subpoena for documents.  For the reasons set forth below, plaintiffs' motion is **GRANTED, IN PART** and **DENIED, IN PART**.

   Plaintiffs sued Cellnet Technology, Inc., Tropos Networks, Inc. ("Tropos"), and Hunt Technologies, LLC and B & L Tech Company, Inc. ("B&L")[1] in the Northern District of Georgia ("the Georgia suit") for patent infringement, breach

---

[1] According to the complaint, B & L is the new name for StatSignal Systems, Inc.  See Exh. C at ¶ 6 to Taufer Decl.

1

1  of contract and related torts.  Plaintiffs served a subpoena
2  on ZigBee[2] for the production of documents in this district.
3  ZigBee objected to the subpoena.  After meeting and
4  conferring, Zigbee produced non-privileged documents and a
5  privilege log for the 223 documents it withheld.  Plaintiffs
6  have moved to compel the production of those documents.
7      The documents at issue are emails and attachments about
8  the Georgia suit as well as other patent suits that plaintiffs
9  have filed against ZigBee members and about whether ZigBee and
10 its members should seek reexamination of some of plaintiffs'
11 patents.[3]  ZigBee contends that the motion should be denied
12 because the documents are not relevant, and are protected
13 under the attorney-client privilege and common interest
14 doctrine, and under the work product doctrine.
15      <u>Relevance</u>
16      The district court in Georgia bifurcated plaintiffs'
17 patent and breach of contract claims and stayed the patent
18 claims against defendant Tropos.  Plaintiffs have filed other
19 infringement suits in Georgia that were stayed in light of the
20 USPTO's reexamination of several of plaintiffs' patents.
21 After the stays, plaintiffs served subpoenas, including the

---

[2]  ZigBee is a non-profit corporation comprised of more than 270 member companies whose goal is to enable "cost-effective, standards-based wireless networking solution[s] that support[] law data-rates, low-power consumption, security and reliability."  (Opp at p. 2.)

[3]  Plaintiffs have filed at least two other patent infringement lawsuits against ZigBee members.  ZigBee consulted counsel regarding several of plaintiffs' patents.  ZigBee then filed for reexamination of some of those patents with the United States Patent and Trademark Office ("USPTO").

2

subpoena at issue here, for information regarding the patents being reexamined.  In addition to objecting to the subpoena on the grounds of privilege, ZigBee objected on the grounds of relevance.  ZigBee contends that requests for information regarding patents being reexamined that are not at issue in the Georgia action are not relevant.  ZigBee also contends that requests for information not limited to the defendants in the Georgia action are overbroad and not relevant.

    ZigBee, as a nonparty, would ordinarily not be in the best ideal position to know what is relevant in the Georgia suit and none of the defendants have moved to quash. However, Rule 45 emphasizes the need to minimize the burden of a subpoena on a nonparty and requiring a party to produce non-relevant documents or documents whose discovery has been stayed is arguably burdensome.  <u>Compaq Computer Corp. v. Packard Bell Electronics, Inc.</u>, 163 F.R.D. 329, 335 (N.D. Cal. 1995); <u>Fein v. Numex Corp.</u>, 92 F.R.D. 94, 96 (S.D.N.Y. 1981). From the scant information about the Georgia suit in this record, it appears plaintiffs sued for infringement of only United States Patent No. 7,103,511.  Plaintiffs argue that their contract and related tort claims allege improper assignment and clouding of title of multiple patents by actively encouraging reexamination of their patents.  Thus, information regarding plaintiffs' patents other than the one whose infringement is alleged, including those under reexamination, is relevant for the purpose of discovery.  <u>See</u> Fed. R. Civ. P. 26(b)(1).

    As for ZigBee's second contention, plaintiffs could not

satisfactorily explain at the hearing why information about ZigBee members who are not defendants in the Georgia suit would be relevant to plaintiffs' claims that the Georgia defendants interfered with plaintiffs' patent rights. Plaintiffs cannot use their subpoena to discover documents relevant to another suit or potential suit. See Fed. R. Civ. P. 26(b)(1) and Adv. Comm. Notes to 2000 Amendment (parties "have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings"). Plaintiffs' motion, therefore, is **GRANTED** only as to all communications that were made by, to, or concerning any defendants in the Georgia suit and relate to plaintiffs' claims against the defendants in the Georgia suit.

### Attorney Client Privilege

The attorney-client privilege protects confidential communications between lawyers and their clients made for the purpose of securing legal advice. The purpose of the privilege is to "encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." Upjohn Co. v. U.S., 449 U.S. 383, 389 (1981). In Ninth Circuit, the following elements must be shown to establish the privilege:

> (1) [w]hen legal advice of any kind is sought (2) from a professional legal adviser in his or her capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are, at the client's instance, permanently protected (7) from disclosure by the client or by the legal adviser (8) unless the protection be waived.

U.S. v. Martin, 278 F.3d 988, 999 (9th Cir. 2002); U.S. v. Plache, 913 F.2d 1375, 1379, fn. 1 (9th Cir. 1990). "Ordinarily the compelled disclosure of an attorney's communications or advice to the client will effectively reveal the substance of the client's confidential communication to the attorney.  To prevent this result, the privilege normally extends both to the substance of the client's communication as well as the attorney's advice in response thereto." Matter of Fischel, 557 F.2d 209, 211 (9th Cir. 1977).

The party resisting discovery bears the burden of establishing that the attorney client privilege applies. U.S. v. Austin, 416 F.3d 1016, 1019 (9th Cir. 2005) ("[a] party claiming the [attorney-client] privilege must identify specific communications and the grounds supporting the privilege as to each piece of evidence over which privilege is asserted"); U.S. v. Plache, 913 F.2d at 1379; U.S. v. Osborn, 561 F.2d 1334, 1339 (9th Cir. 1977).

The emails at issue fall into three groups.  The first group consists of emails between ZigBee's employees and its counsel involving requests for and responses to legal advice regarding the patents that were to be reexamined, the other suits plaintiffs had filed against ZigBee members, and potential suits plaintiffs might file against ZigBee members. Such communications are protected by the attorney client privilege.  See Cal. Evi. Code §§ 175, 954.  It is difficult for the court to understand why plaintiffs think such documents are not privileged.  The second group consists of emails between ZigBee's counsel and ZigBee member's personnel.

5

1  They are also protected.  See U.S. v. Ohio Edison Co, No. C2-
2  99-1181, 2003 U.S. Dist. LEXIS 25029, at *11 - 12 (S.D. Ohio,
3  January 6, 2003).  Plaintiffs do not provide authority as to
4  why these communications would not be protected by the
5  attorney client privilege, and argue only that the common
6  interest doctrine is not applicable to them.  The motion to
7  compel is **DENIED** as to these two groups of those emails.

8  The third group consists of emails between ZigBee's
9  employees and its members' personnel.[4]  ZigBee has failed to
10 meet its burden of establishing that those emails constitute
11 confidential communications seeking legal advice from counsel
12 (U.S. v. Martin, 278 F.3d at 999) or counsel's advice to
13 clients (Matter of Fischel, 557 F.2d at 211) thereby
14 warranting protection under the attorney client privilege.
15 U.S. v. Austin, 416 F.3d at 1019.

16 ZigBee argues that those emails should be protected
17 because their purpose is related to seeking legal advice about
18 the reexamination.  It relies on declarations of its director,
19 several of its members' personnel and its counsel, all of
20 which are somewhat vague and general.  For example, ZigBee's
21 director, William Chase, declares that "ZigBee looked to its
22 members to provide information and advice regarding IPCO and
23 its patents, and ZigBee shared such information with DLA Piper
24 to assist in the review of the Reexamination Patents."  (Chase
25 Decl. at ¶ 12.)  Several of ZigBee's members' personnel

---

[4] Of the 223 documents listed on the privilege log, there is one email between ZigBee members' personnel that was copied to a ZigBee employee and counsel. (Privilege Log Document No. 7.)  For the purpose of ruling on this motion, I have grouped that email in the third group.

6

declare that they communicated with ZigBee and understood the communications were "related to analyzing a legal position on behalf of ZigBee" in order to "aid ZigBee's counsel . . . in its review of IPCO's patent portfolio." (Black Decl. at ¶ 3 - 4; Callaway at ¶ 3 -4; Ashton at ¶ 3 -4.)

ZigBee has not met its burden of establishing that the emails in the third group are protected under the attorney-client privilege. As one court recently noted,

> The party asserting the privilege bears the burden of establishing its existence and "must make a 'clear showing' that the asserted objection applies." [citation omitted] Accordingly, the asserting party "must 'describe in detail' the documents or information sought to be protected and provide 'precise reasons' for the objection to discovery and ... must provide sufficient information to enable the court to determine whether each element of the asserted objection is satisfied; a 'blanket claim' as to the applicability of the privilege does not satisfy the burden of proof."

Metzger v. American Fid. Assur. Co., 2007 WL 3274922, 1 (W.D. Okla.).

Unlike the second group, none of these emails were sent by or to counsel; they are between Zigbee and its members. Counsel were copied on many of the emails,[5] but it is well settled that merely copying an attorney on an email does not establish that the communication is privileged. ABB Kent-Taylor, Inc. v. Stallings and Co., Inc., 172 F.R.D. 53, 57 (W.D. N.Y. 1996). Conspicuously absent from the declarations is any assertion that counsel requested such

---

[5] See Privilege Log Document Nos. 1,2, 5, 7, 75, 135 - 37, 143, & 222.

7

communications, or that the communications, which extend over a several year period, related only to the purpose of seeking legal advice, as opposed to any business or associational purpose the members had in communicating about the patents in question.  Nor has ZigBee provided any authority that the privilege extends to communications between an association's personnel and its members' personnel, where the communications are not made at the behest of counsel.[6]  As such, the situation here is distinguishable from that in AT&T Corp. v. Mircrosoft Corp., 2003 U.S. Dist. LEXIS 8710, at *7 – 8 (N.D. Cal.), where it appears that the emails between the client's employees and the technical report at issue there were made at the direction of counsel.  Id.  Zigbee's showing is so generalized that it could encompass all communications between Zigbee's personnel and its members' personnel about plaintiffs' patents.  At a minimum, a more definite connection to seeking legal advice is required.

 Nor is the common interest exception to waiver of the attorney client privilege applicable to the third group of email communications.  The common interest doctrine is not a

---

[6] There is authority that the attorney-client privilege can protect communications between employees of a corporation that are intended to be part of a request for legal advice, (see U.S. v. Chevron Texaco Corp., 241 F.Supp.2d 1065, 1077 (N.D. Cal. 2002)), but it is not clear that that authority would apply to employees of members of a trade association.  While corporate employees are all serving the same employer and presumably share the same legal interest, no such allegiance necessarily binds the members of a trade association.  One illustration of this is that plaintiffs apparently were provided some of the disputed emails in response to subpoenas served on other Zigbee members, who apparently produced them without objection.  See Sanacory Dec. at ¶ 8-15.

8

privilege in and of itself.  <u>Nidec Corp. v. Victor Co. of Japan</u>, 249 F.R.D. 575, 578 (N.D. Cal. 2007).  Rather, it is an exception "to the rule on waiver where communications are disclosed to third parties."  <u>Id.</u>; *citing* <u>United States v. Bergonzi</u>, 216 F.R.D. 487, 495-96 (N.D. Cal. 2003).  The privilege here could not be waived because the communications were not privileged.  Likewise, I need not consider whether the email communications are permissible third party disclosures because they do not involve attorney-client communications.  Accordingly, the motion is **GRANTED** as to the email exchanges between ZigBee's employees and its members' personnel that were made by, to, or concerning any defendants in the Georgia suit and that relate to plaintiffs' claims about the defendants in the Georgia suit.

<u>Work Product Doctrine</u>

ZigBee also refused to produce 17 of the documents listed in the privilege log alleging the correspondence constituted work product.  "Ordinarily, a party may not discover documents and tangible things that are prepared *in anticipation of litigation or for trial by or for another party or its representative* (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)."  Fed. R. Civ. P. 26(b)(3)(A) (*emphasis added*).  The Ninth Circuit has concluded that "that the rule, on its face, limits its protection to one who is a party (or a party's representative) to the litigation in which discovery is sought."  <u>In re Cal. Pub. Util. Comm'n</u>, 892 F.2d 778, 781 (9th Cir. 1989) *citing* C. Wright & A. Miller, <u>Federal</u>

9

1 | Practice and Procedure, § 2024, at 201-02 ("[D]ocuments
2 | prepared for one who is not a party to the present suit are
3 | wholly unprotected even though the person may be a party to a
4 | closely related lawsuit in which he will be disadvantaged if
5 | he must disclose in the present suit."); Loustalet v. Refco,
6 | Inc., 154 F.R.D. 243, 247 (C.D. Cal. 1993); United States v.
7 | Graham, 55 F.Supp.2d 1046, 1049 - 50 (N.D. Cal. 2008).  Even
8 | though the emails and attachments may have been created with
9 | an eye towards litigation because many of ZigBee's members
10 | were concerned that plaintiffs would sue them, they are not
11 | protected under the work product doctrine because ZigBee and
12 | its members are not parties to the instant litigation.  As
13 | the Ninth Circuit noted in the California Public Utilities
14 | Commission case, ZigBee could seek a protective order to
15 | prevent the production of the 17 documents to the "extent
16 | that the disclosures cause hardship" to it, but ZigBee did
17 | not do so and the Ninth Circuit's refusal to expand the
18 | doctrine to non-parties precludes a determination that the
19 | documents are protected by the work product doctrine.  892
20 | F.2d at 781.  The motion is **GRANTED** as to the documents that
21 | were listed in the privilege log as being protected by the
22 | work product doctrine.
23 | Request for Leave to File Motions for Sanctions
24 | Both plaintiffs and ZigBee have requested leave to file
25 | motions for sanctions for the costs related to this motion.
26 | Because I am only granting part of plaintiffs' motion, I find
27 | both ZigBee's withholding of the documents and plaintiffs
28 | filing of the motion "substantially justified."  Imposing

1 | sanctions is not warranted and the parties requests are
2 | **DENIED**.  Fed. R. Civ. Pro. 37(a)(5)(A-B.)
3 | Dated: August 18, 2008

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\IP CO. V. CELLNET\ORDER DENYING MOTION TO COMPEL.FINAL.wpd

11